FILED

FEB 0 2 2007

U.S. DISTRICT COURT
ELKINS WV 26241

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS DIVISION

HARDY STORAGE COMPANY, LLC, )
)
)
)
Plaintiff, ) C.A. No. 2:07cv11
)
)
v. )
)
PROPERTY INTERESTS NECESSARY TO )
DRILL WELLS TO CONDUCT GAS STORAGE )
OPERATIONS IN THE ORISKANY )
SANDSTONE SUBTERRANEAN )
GEOLOGICAL FORMATION BENEATH )
PROPERTIES LOCATED IN HARDY COUNTY )
OWNED BY JENNIFER LYNN FUNKHOUSER )
ROBERTS, POTENTIAL UNBORN CHILDREN )
OF GROVER S. FUNKHOUSER, JR., )
POTENTIAL WIDOW OF GROVER S. )
FUNKHOUSER, JR., TROY V. FUNKHOUSER, )
EULA F. KASPER, WALTER S. )
FUNKHOUSER, MAZIE F. PLUMMER, NINA )
F. MCDONALD, STANLEY P. FUNKHOUSER, )
MARY F. MORRIS, NOVA F. FUNK, SCOTT E. )
FUNKHOUSER, PAUL E. FUNKHOUSER, )
UNKNOWN BROTHERS AND SISTERS OF )
GROVER S. FUNKHOUSER, SR., UNKNOWN )
HEIRS OF BROTHERS AND SISTERS OF )
GROVER S. FUNKHOUSER, SR. (TAX MAP )
386 PARCELS 8.0-8.11 AND TAX MAP 406 )
PARCEL 3); JOSEPH CIRILLO, LEONARD )
MILLER, IRIS MILLER, CHILDREN OF )
THELMA WOLFE, POTENTIAL UNBORN )
CHILDREN OF LESTER MILLER, KIRBY )
MILLER, CHILDREN OF KIRBY MILLER )
(TAX MAP 367, PARCEL 5); SCOTT )
WHETZEL, LEONARD MILLER, IRIS )
MILLER, CHILDREN OF THELMA WOLF, )
POTENTIAL UNBORN CHILDREN OF )
LESTER MILLER, KIRBY MILLER, )
CHILDREN OF KIRBY MILLER (TAX MAP )
357, PARCEL 4); AND UNKNOWN PERSONS )
AND INTERESTED PARTIES, )
)
)
Defendants.

## COMPLAINT

Pursuant to the Natural Gas Act, 15 U.S.C. §§ 717-717(z) and Federal Rule of Civil Procedure 71A, the plaintiff, Hardy Storage Company, LLC ("Hardy"), files this Complaint to condemn property interests necessary to drill two storage wells on the surface and to conduct natural gas storage operations in the Hardy Storage Field. The Federal Energy Regulatory Commission ("FERC") has determined that Hardy's operation of this underground gas storage field is a matter of public convenience and necessity in order to meet the public's need to have natural gas efficiently and economically stored near markets in the eastern United States. Operation of the storage field as certificated by FERC requires Hardy to inject, remove, and monitor natural gas from the storage field through wells. Injection and removal of gas into the storage field necessitates placement of storage wells on the surface of certain properties with bottom-hole locations into the Oriskany sandstone formation at points determined by Hardy. In order to do this, Hardy must obtain ownership of the rights necessary to drill the wells, to store natural gas in the Oriskany sandstone formation, and obtain any economically recoverable native gas reserves in the storage formation, to the extent those rights are not already held by Hardy. Hardy has obtained most of these rights through negotiation but files this action to acquire the balance of the rights needed. In support of its Complaint, Hardy states as follows:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action pursuant to the condemnation authority in Section 7(h) of the Natural Gas Act, 15 U.S.C. § 717f(h) and federal question jurisdiction, 28 U.S.C. § 1331.

2. The amount in controversy is in excess of $3,000.

3. As to the property interests condemned, Hardy cannot obtain those interests through negotiation because ownership has either not vested or cannot be ascertained until the death of the life estate holders, each of whom are still living.

2

4. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) because the properties to be condemned are located in this district.

## THE AUTHORITY TO CONDEMN

5. Hardy, a limited liability company organized under the laws of the State of West Virginia with its principal place of business in Virginia, is a "natural gas company" within the meaning of Section 2(6) of the National Gas Act, 15 U.S.C. 717a(6).

6. By its Order dated November 1, 2005, FERC approved Hardy's application for a certificate of public convenience and necessity for the development and operation of a new underground natural gas storage facility strategically located near growing markets in the eastern United States.

7. The location of the Hardy Storage Field is depicted on a map on file with FERC. Both of the well-sites to be condemned are within the boundaries of the Hardy Storage Field as depicted on the map on file at FERC.

8. Pursuant to Section 7(h) of the Natural Gas Act, 15 U.S.C. § 717f(h), Hardy has the right to condemn the property interests described below in order to conduct gas storage operations.

## THE PROPERTY INTERESTS TO BE TAKEN

9. The Hardy Storage Field is designed to store gas in the Oriskany sandstone formation, about 6,800 feet below the surface. The Oriskany sandstone formation is that stratigraphic interval encompassed between a point 100 feet above the top of the first occurrence of the Middle Devonian Needmore shale down to a point 250 feet below the base of the last occurrence of the Middle Devonian Oriskany sandstone, including repeated or faulted sections, when and where present, of the Needmore shale, Oriskany sandstone and Helderberg limestone.

Gas will be stored in the same geologic strata from which native gas was originally produced in the 1960's and 1970's.

10. In order to activate the Hardy Storage Field, Hardy must prepare the surface location, construct, drill and complete storage wells necessary for injection and removal of natural gas from the Hardy Storage Field.

11. Hardy has obtained the rights required for all wells but the remaining two wells necessary to activate Hardy Storage Field, Well Number 12348 and Well Number 12452.

12. For Well Number 12348, Hardy owns all the interests to drill the well and store gas. The only rights needed are the economically recoverable reserves of native gas in the Oriskany Sandstone. Although much of the native gas under the properties within the Hardy Storage Field has already been produced, some quantity of economically recoverable native gas may remain. Because the landowners cannot produce any gas from the Oriskany formation at the same time that Hardy uses that formation for its storage well and storage, any such gas must be condemned. In addition, Hardy condemns an exclusive easement to store natural gas and to use any economically recoverable reserves of native gas in the Oriskany Sandstone from an adjacent parcel, Tax Map 406 Parcel 3, with the same potential owners as the above-described parcel. Exhibit A identifies the potential owners and proportions of ownership of the interests condemned, and includes maps identifying the areas of the rights condemned.

13. The exclusive easement condemned here for Tax Map 406 Parcel 3 precludes the owners from: (1) using the Oriskany formation for storage of gas; (2) producing any gas or other minerals from the Oriskany sandstone formation; and (3) any other activities inconsistent with Hardy's storage operations.

14. For Well Number 12452, Hardy condemns the exclusive easement to the surface for the location of the well for the injection, monitoring and removal of natural gas, an exclusive easement to store natural gas in the Oriskany Sandstone, and the rights to any economically recoverable native gas in the Oriskany Sandstone, to the extent Hardy does not already hold these rights. Because the landowners cannot produce any gas from the Oriskany formation at the same time that Hardy uses that formation for its storage well and storage, any such gas must be condemned. Exhibit B identifies the potential owners of the property interests condemned and includes a map identifying the area of the rights condemned.

15. The exclusive easement condemned here precludes the owners from: (1) interfering with Hardy's easement for its storage well; (2) using the Oriskany formation for storage of gas; (3) producing any gas or other minerals from the Oriskany sandstone formation; and (4) any other activities inconsistent with Hardy's storage operations.

## THE PROPERTY OWNERS

### Storage Well Number 12348 and Tax Map 406 Parcel 3

16. After a reasonably diligent search of public records, the persons having or claiming interests in the 506 acres of real property affected by Storage Well Number 12348 and Tax Map 406 Parcel 3 are joined in this action.

17. Hardy has adequate surface rights for the preparation of the surface location and construction of Storage Well Number 12348, the needed exclusive easement in the Oriskany formation necessary to conduct natural gas storage operations, and a 25% interest in the native gas within the Oriskany formation.

18. Hardy has been and will continue to be unable to acquire the remaining 75% interest in the economically recoverable native gas within the Oriskany formation for Storage Well Number 12348 and the interest in storage and economically recoverable native gas, if any,

in Tax Map 406 Parcel 3, as the ownership of that interest cannot be determined until the death of the life estate holder, Grover S. Funkhouser, Jr.

19. The remaindermen under the will of Grover S. Funkhouser, Sr., under whose Last Will and Testament the 75% interest in the oil and gas in Tax Map 386 Parcels 8.0-8.11 and the surface, oil and gas rights in Tax Map 406 Parcel 3, including the native gas within the Oriskany formation, exists are indeterminable.

20. In addition to the life estate of Grover S. Funkhouser, Jr., the Last Will and Testament provided for an additional life estate for any wife of Grover S. Funkhouser, Jr. alive at his death, with the remainder to any children of Grover S. Funkhouser, Jr. alive at his death.

21. Jennifer Lynn Funkhouser Roberts is the only child of Grover S. Funkhouser, Jr., but that does not preclude the possibility of the birth of other children before his death.

22. The Last Will and Testament also provided that, if there were no issue of Grover S. Funkhouser, Jr. alive at his death, the remainder would then vest in the brothers and sisters of Grover S. Funkhouser, Sr., and their respective heirs as contingent remaindermen.

23. The list of potential heirs to the as yet unvested 75% interest in native gas within the Oriskany formation in Tax Map 386 Parcels 8.0-8.11 and the storage and native gas rights in Tax Map 406 Parcel 3 needed by Hardy in order to drill to target formation and complete Storage Well Number 12348 and to store gas below these parcels are set forth in the attached Exhibit A.

### Storage Well Number 12452

24. After a reasonably diligent search of public records, the persons having or claiming interests in the real property affected by Storage Well Number 12452 are joined in this action.

25. A reasonably diligent review of the land records in Hardy County shows that, even if all the parties claiming an interest in and to the two parcels affected by this condemnation enter into agreements with Hardy, none of the interests will vest or will even be determinable until the death of Lucy Whittington, a life estate holder in each of the parcels.

26. Although some of the potential remaindermen under the will of Gordon Miller, under whose Last Will and Testament Lucy Whittington holds the life estate, have joined Ms. Whittington in conveyance of the property to Joseph Cirillo, who claims ownership in and to the surface where Storage Well Number 12452 needs to be set, the verbiage of the Last Will and Testament leave the vested interest indeterminable.

27. The Last Will and Testament of Gordon Miller devises a life estate to Lucy Whittington with the remainder to her four named siblings, and then to their children who survive them and Ms. Whittington.

28. By Assignment dated October 6, 1977, of record in the Office of the Clerk of the County Commission of Hardy County, West Virginia in Deed Book 150, at Page 638, Lucy Whittington (life estate holder), Condy G. Miller, Leonard L. Miller, Thomas H. Miller, Lester C. Miller (remaindermen), and their respective spouses, and C.J. and Orpha See granted their proportionate interests in the natural gas within the Oriskany formation to Columbia Gas Transmission Corporation, from whom Hardy has an assignment agreement.

29. The Oriskany grant conveyed to Columbia Gas Transmission Corporation the life estate of Ms. Whittington in the native gas in the Oriskany formation. As to the other grantors, the interest conveyed to Columbia is indeterminable until the passing of Ms. Whittington.

30. Although the current surface owner, Joseph Cirillo, has received documents purportedly sufficient to vest in him the life estate and remaindermen interest in the parcel at issue, the interests are indeterminable until the death of Ms. Whittington.

31. As to the exclusive easement in the Oriskany formation necessary for Hardy to conduct natural gas storage operations, for the reasons stated in Paragraphs 24 through 30 above, Hardy cannot obtain rights from those currently identified as potential remaindermen under the will of Gordon Miller as such remain indeterminable until the death of Lucy Whittington.

32. For the reasons stated in Paragraphs 24 through 30 above, the interests in the native gas within the Oriskany sand formation underneath the two parcels needed for Hardy for the injection, storage and removal of natural gas cannot be obtained from those currently identified as potential remaindermen under the will of Gordon Miller as such ownership is indeterminable until the death of Lucy Whittington.

33. The list of potential owners as to the surface upon which Storage Well Number 12452 is to be placed, to the exclusive easement for storage in the Oriskany formation, and the owners to the as yet unvested interest in any economically recoverable native gas within the Oriskany formation needed by Hardy in order to drill to target formation and complete Storage Well Number 12452 are set forth in Exhibit B.

## OTHERS WHO MAY CLAIM AN INTEREST

34. There may be other persons who may claim an interest in the properties to be condemned whose names are unknown to Hardy because they could not be learned by diligent inquiry. These persons have been made parties to this action as permitted by Rule 71A of the Federal Rules of Civil Procedure.

WHEREFORE, Hardy requests that it be granted possession of the property interests described above under the defendants' properties.

REED SMITH LLP

Date: February 2, 2007

*/s/ Kevin C. Abbott*
Kevin C. Abbott
Pa. I.D. No. 35734
W.Va. I.D. No. 7379

Nicolle R. Snyder Bagnell
Pa. I.D. No. 87936

Jessica Haught
Pa. I.D. No. 93837
W.Va. I.D. No. 9871

435 Sixth Avenue
Pittsburgh, PA 15219
(412) 288-3804

Attorneys for Plaintiff
Hardy Storage Company, LLC