IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**HARDY STORAGE COMPANY, LLC,**

    **Plaintiff,**

v.                      //    CIVIL ACTION NO. 2:07CV5
                                  (Judge Keeley)

**PROPERTY INTERESTS NECESSARY TO
CONDUCT GAS STORAGE OPERATIONS IN
THE ORISKANY SANDSTONE SUBTERRANEAN
GEOLOGICAL FORMATION BENEATH PROPERTIES
LOCATED IN HARDY AND HAMPSHIRE COUNTIES
OWNED BY MARK E. AND JULIE C. LANDIS,
ET AL.,**

    **Defendants.**

_____

**HARDY STORAGE COMPANY, LLC,**

    **Plaintiff,**

v.                      //    CIVIL ACTION NO. 2:07CV11
                                  (Judge Keeley)

**PROPERTY INTERESTS NECESSARY TO
DRILL WELLS TO CONDUCT GAS STORAGE
OPERATIONS IN THE ORISKANY SANDSTONE
SUBTERRANEAN GEOLOGICAL FORMATION
BENEATH PROPERTIES LOCATED IN
HARDY COUNTY, ET AL.,**

    **Defendants.**

### ORDER FOLLOWING AUGUST 14, 2007 STATUS CONFERENCE

On May 15, 2007, the Court conducted a status conference to discuss the appointment of a commission in these two condemnation cases and to inquire as to the results of informal discovery conducted by the parties over the past 60 days. Kevin Abbott and Nicole Bagnell appeared on behalf of the plaintiff, Hardy Storage

Company, LLC.  Rodney Smith appeared on behalf of Defendants Guy O'Brien Combs, Robert Bogan Ludwig, and Ollie M. Davis Kovar. Harry Smith appeared on behalf of Defendants Donald G. and Maria Combs, Vivian M. Combs, Gary W. Combs, Larry G. and Anna L. Combs, James A. and Virginia T. Rupert, and MaryEllen Wooten.  Larry D. Garrett appeared on behalf of Defendants Joseph Cirillo and Scott E. Whetzel.  John Fuller appeared on behalf of Defendant Hampshire Gas Company.  In addition, Leon Combs, David Warner and Ann Warner appeared pro se.

Under Federal Rule of Civil Procedure 71A(h), the Court may order that the issue of compensation be determined by a commission of three persons appointed by it.  Although the parties are not permitted to recommend persons to be appointed as a commissioner, the Court discussed potential commissioners with the parties to determine whether any potential conflicts existed.  The Court also advised that it had focused its search for commissioners on lawyers, retired judges, real estate agents, appraisers, surveyors, civil engineers or bankers/economists and to individuals residing in or near Hardy and Hampshire counties.  With that knowledge, Court **REQUESTED** that the parties file a list of any potential conflicts with individuals in those professions and locations.

With respect to the status of the cases, the plaintiff advised that 14 properties remain in Case No. 2:07cv5 and 2 properties

2

remain in Case No. 2:07cv11.  Although no dismissal order has been filed, the plaintiff advised that it has reached settlement with Defendant Hampshire Gas Company and that the parties are currently in the process of drafting and executing the settlement documents.

With respect to the two properties at issue in Case No. 2:07cv11, the plaintiff advised that the identity of the owners entitled to compensation and the interests owned by the known and unknown remaindermen cannot be determined until after the death of the life estate owners under the terms of the wills devising those properties.  Because trustees may need to be appointed to represent the unknown remaindermen to allow settlement discussions concerning those properties to proceed, the Court **REQUESTED** that counsel for the plaintiff and counsel for Defendants Joseph Cirillo and Scott E. Whetzel attempt to locate a qualified trustee and file the necessary motion for appointment **by no later than September 14, 2007.**

Finally, the plaintiff advised the Court that several defendant property owners have not made an appearance in these condemnation cases, and, therefore, it requested permission to commence discovery to encourage participation by those defendants in this litigation.  Because it will be handling all discovery disputes, the Court found no reason to delay discovery until after

3

the appointment of the commission. Therefore, the Court **ORDERED** that all discovery be completed **by no later than February 29, 2008.**

It is so **ORDERED**.

The Clerk is directed to transmit copies of the order to counsel of record and all pro se parties.

DATED: August 15, 2007.

　　　　　　　　　　　　　　　　　　　/s/ Irene M. Keeley
　　　　　　　　　　　　　　　　　　　IRENE M. KEELEY
　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE